**GENERAL AMERICAN LIFE INSURANCE COMPANY, Appellant,**

**v.**

**NATIONAL BANK OF COMMERCE OF SAN ANTONIO et al., Appellees.**

No. 3635.

Court of Civil Appeals of Texas.

Eastland.

June 3, 1961.

Rehearing Denied July 21, 1961.

**394**

Beckmann, Stanard, Wood & Vance, San Antonio, for appellant.

House, Mercer & House, Groce & Hebdon, San Antonio, for appellees.

WALTER, Justice.

Rogelio Mesquite, Sr. was an employee of Dean Specialty Works. Dean carried a group life insurance policy with the General American Life Insurance Company and Mesquite had $3,000 in life insurance under such plan. His wife, Celia Martinez Mesquite, was the beneficiary. Rogelio Mesquite, Sr. died on the 31st day of March, 1955, and his brother, Jesus Mesquite, brought an impostor to Dean and represented that she was the widow of Rogelio Mesquite, Sr. The impostor presented Dean with a birth certificate, marriage certificate and a passport in support of her identity as Celia Martinez Mesquite. The San Antonio representative of the insurance company issued a draft for $3,000 payable to the order of Celia Martinez Mesquite, wife of Rogelio Mesquite, Sr., drawn on his principal, General American Life Insurance Company, in care of the First National Bank, St. Louis, Missouri. The draft was mailed by said agent to Dean for delivery. The draft was delivered to the impostor. The impostor and Jesus Mesquite presented the draft to the National Bank of Commerce of San Antonio for collection. The bank was not satisfied with the identification of the woman and required Dean to endorse the draft for identification purposes. The impostor endorsed the draft with a signature purporting to be the true and genuine signature of Celia Martinez Mesquite, the wife of Rogelio Mesquite, Sr. The bank accepted the draft for collection and placed the following endorsement thereon: "For Collection, Pay to the order of any Bank, Banker or Trust Co. May 4, 1955 National Bank of Commerce, San Antonio, Texas. Endorsements Guaranteed." When the draft was presented, it was paid. The National Bank of Commerce in due course of business received the $3,000 and issued its cashier's check for such amount to the impostor. Thereafter a lawyer in Mexico City, who represented the true widow of Rogelio Mesquite, Sr., demanded payment of the insurance, which was refused, and she filed suit against the company on the policy.

The insurance company answered and asked for judgment over against the bank on its endorsement of the draft in the event judgment was rendered against it by the true wife of the insured. The bank answered and asked for judgment over against Dean, in the event a judgment was obtained against the bank, alleging Dean was negligent in identifying the endorsee. The plaintiff's case against the insurance company was severed and she recovered a judgment from which no appeal was taken and the judgment has been satisfied.

In the case at bar, in a non-jury trial, the court rendered judgment that the insurance company take nothing against the bank and Dean. The insurance company has appealed contending the court erred in sustaining the bank's plea under the impostor rule and in failing to hold the bank liable for money had and received. It also contends the court erred in failing to hold Dean guilty of negligence by delivering the draft to a person other than the true beneficiary and payee.

The evidence establishes that the impostor who received the $3,000 was the same woman to whom Dean delivered the draft and the same woman who delivered the draft to the bank for collection; that the bank paid the money to the woman to whom Dean, acting for the insurance company, intended that it should be paid; that the bank accepted the draft for collection and paid the proceeds to the person to whom the draft was issued and to whom Dean, acting for the insurance company at the request of the insurance company, expected it to be paid; that the bank knew the impostor was the same person that Dean, acting for the insurance company at the request of the insurance company, desired that it be paid.

We hold that the bank did not have the burden of detecting the fraud committed by the impostor, or of correcting the mistake made by Dean by delivering the check to the wrong person. "If the banks see that the very person to whom a check was issued and delivered has indorsed it in the form required, the indorsement is a genuine one, although the name used is a wrong one. They guarantee that the person to whom the check was issued has indorsed it, but not that the check was honestly procured from the drawer. Such is the so-called 'imposter rule'. 7 Am.Jur., Banks, Sec. 599." United States v. Continental-American Bank & Trust Co. et al., 5 Cir., 175 F.2d 271, 272. See also Townsend, Oldham & Co. v. Continental State Bank of Gorman, Tex.Civ.App., 178 S.W. 564.

The insurance company alleged that Dean was negligent in identifying the wrong beneficiary. It says, "The evidence was insufficient for the court to have found that the said appellee was not negligent." Two brothers of the deceased identified the impostor as a true beneficiary. The impostor also presented Dean with a passport, a birth certificate, marriage certificate and an insurance policy which had been delivered to the deceased. The insurance company does not point out anything additional which Dean should have done and cites no authorities for their position. Under the reasonable prudent man standard of negligence, we hold the evidence presented a fact question.

We have examined all of appellant's points and find no merit in them and they are overruled.

Judgment affirmed.